■ MAUREEN McINTYRE, Respondent, v MANHATTAN FORD, LINCOLN-MERCURY, INC., Appellant. [682 NYS2d 167] —Judgment, Supreme Court, New York County (Lorraine Miller, J.), entered November 21, 1997, which, upon a jury verdict, awarded plaintiff damages, *inter alia*, in amounts reduced, pursuant to stipulation, from those awarded by the jury, and bringing up for review an order of the same court and Justice, entered August 29, 1997, which denied defendant's motion to set aside the verdict and for judgment as a matter of law or, alternatively, for a new trial on all issues, except to the extent of setting aside the verdict and ordering a new trial as to damages unless plaintiff stipulated to accept compensatory damages in the amount of $650,000 and punitive damages in the amount of $3 million, unanimously modified, on the law and the facts, to the extent of directing a new trial as to damages only unless plaintiff stipulates, within 30 days of the date of this order, to accept compensatory damages in the amount of $653,000, inclusive of the award for back wages, and punitive damages in the amount of $1,500,000 and to entry of an amended judgment in accordance therewith and, except as so modified, affirmed, without costs. The appeal from the August 29, 1997 order is unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff was awarded compensatory and punitive damages on each of three causes of action for sexual harassment, retaliatory discharge and intentional infliction of emotional distress. (The award of back wages in the amount of $53,000 is not at issue on appeal.) Plaintiff received compensatory awards for emotional suffering in the amounts of $100,000 for past emotional suffering on the sexual harassment claim, $500,000 for past and future emotional suffering on the retaliatory discharge claim and $700,000 for past and future emotional suffering on the claim for intentional infliction of emotional distress. These awards were reduced by Supreme Court to $81,250, $162,500 and $406,250, respectively. Plaintiff was awarded exemplary damages on her three causes of action in

the amounts of $1 million for sexual harassment, $1.5 million for retaliation and $2.5 million for intentional infliction of emotional distress. The punitive damages were reduced by Supreme Court to $600,000, $900,000 and $1,500,000, respectively.

This Court finds the award for emotional suffering as the result of intentional infliction of emotional distress to be duplicative of the awards for emotional suffering for sexual harassment and for retaliatory discharge. We consider the other amounts of compensatory damages awarded by the jury to be appropriate in view of the evidence. However, we find the jury's assessment of punitive damages to be excessive to the extent indicated.

The tort of intentional infliction of emotional distress is a departure from the common law (*see, Howell v New York Post Co.*, 81 NY2d 115, 119-122). Under the traditional rule, conduct " 'likely to cause only a mental or emotional disturbance to another does not subject the actor to liability * * * for emotional distress resulting therefrom' " (*supra*, at 120, quoting Restatement of Torts § 46 [a]). Development of the tort reflects the acknowledgment by the courts of the need to afford relief where traditional theories of recovery do not (*see, Howell v New York Post Co., supra*, at 120-121). Because it "imposes liability based on after-the-fact judgments about the actor's behavior * * * the actor may not have notice of the precise conduct proscribed" (*supra*, at 122), with the consequence that otherwise lawful conduct may be rendered actionable (*supra*). Thus, intentional infliction of emotional distress is a theory of recovery that is to be invoked only as a last resort. In the matter under review, emotional damages are available under the theories of sexual harassment and retaliatory discharge pursuant to the New York City Human Rights Law (Administrative Code of City of NY § 8-107 [1] [a]; § 8-502). Precluded where the offending conduct is embraced by a traditional tort remedy (*see, Fischer v Maloney*, 43 NY2d 553, 557-558; *Sweeney v Prisoners' Legal Servs.*, 146 AD2d 1, 7, *lv denied* 74 NY2d 842), there is no reason to apply the theory where an applicable statute expressly provides for the recovery of damages for emotional distress (*see, Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 263 [defamation]; *Silberstein v Advance Mag. Publs.*, 988 F Supp 391, 392-393 [SD NY] [gender discrimination]).

The United States Supreme Court has observed that the amount of the exemplary award " 'has always been left to the discretion of the jury, as the degree of punishment to be thus inflicted must depend on the peculiar circumstances of each

case'" (*Pacific Mut. Life Ins. Co. v Haslip*, 499 US 1, 16, quoting *Day v Woodworth*, 13 How [54 US] 363, 371 [1851]). The punitive damages awarded by the jury in this case for sexual harassment and retaliation total $2,500,000, an amount that does not exceed the limits of what constitutes a "'reasonable relationship'" to the amount of compensatory damages (*BMW of N. Am. v Gore*, 517 US 559, 581 [suggesting 10 to 1 as an outside ratio]). While no punitive damages are recoverable under the comparable New York State Human Rights Law (Executive Law art 15) pursuant to Executive Law § 297 (9) (*Thoreson v Penthouse Intl.*, 179 AD2d 29, *affd* 80 NY2d 490), as plaintiff acknowledged by consenting to dismissal of so much of her action as sought recovery under the State statute, this Court has ruled that the State legislation does not operate to preclude recovery of exemplary damages under the City ordinance (*Bracker v Cohen*, 204 AD2d 115; *see also, Hirschfeld v Institutional Investor*, 208 AD2d 380).

The wealth of a defendant is material to the assessment of punitive damages (*Rupert v Sellers*, 48 AD2d 265, 271-272). As a dealership wholly owned by Ford Motor Company, Supreme Court did not err in instructing the jury that the size of the parent corporation, and not defendant dealership, provides the appropriate measure of the organization's resources. In view of the egregiousness of defendant's misconduct and the wealth of defendant's corporate parent, we regard $1,500,000 to be a reasonable sum that is sufficient to punish defendant and to deter future misconduct. Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.