Stephen MOORE, Steven Lee, and
Maribel Lee and John Chan,
Plaintiffs,

v.

The CITY OF NEW YORK, The Police Department of the City of New York, Various John Doe Police Officers, New York Telephone Company a/k/a Bell Atlantic Corp., Various John Doe Employees of New York Telephone Company a/k/a Bell Atlantic Corp., Robert Wenzel, and Jeff Welsh, Defendants.

No. 99 CV 6885(JBW).

United States District Court,
E.D. New York.

Sept. 10, 2002.

John F. Loccisano, Fine Olin & Anderman, New York City, for Stephen Moore, Steven Lee, Maribel Lee, John Chan, Plaintiffs.

Gail Savetamal, Esq., Office of the Corporation Counsel Law Department, New York City, for City of New York, Defendant.

A. Jonathan Trafimow, Matthew T. Miklave, Epstein, Becker & Green, PC, New York City, for New York Telephone Co., Robert Wenzel, Jeff Walsh, Defendants.

Matthew T. Miklave, Epstein Becker & Green, New York City, for Robert Wenzel.

### MEMORANDUM ORDER AND JUDGMENT

WEINSTEIN, Senior District Judge.

I.  Introduction

This complaint arises out of a labor dispute.  Some of the employees of the struck employer felt threatened by strikers.  They complained to the police about abuse and threats by plaintiff-strikers.  The police arrested the strikers.  Ultimately the state criminal prosecution was dismissed.  The strikers now sue the employees, the employer, the Police Department, the arresting policemen and the City of New York.  For the reasons set out below there is no basis for the action.

The parties stipulate that all federal claims are withdrawn.  Nevertheless this court exercises jurisdiction to avoid further burdening the parties and the state courts.

II.  Facts

Plaintiffs were engaged in a strike involving mobile picketing against defendant-Bell Atlantic.  Picketing led to verbal confrontations and claims by defendant-Bell Atlantic non-striking employees that they had been threatened, among other ways, by thrown rocks.  They complained to New York City Police officers.  Three of the complained against strikers were arrested.

The district attorney prosecuted the strikers.  When the employees who had complained to the police withdrew their charges the criminal case was dismissed on motion of the District Attorney.

Unfair Labor Practice charges filed by plaintiffs have been settled by the National Labor Relations Board ("NLRB").  Plaintiff's brief at 15.  No documentation regarding that administrative proceeding has been submitted by any party.

Plaintiffs allege malicious prosecution and intentional infliction of emotional distress against defendant-Bell Atlantic and two of its employees.  With regard to the City of New York and the police officers, plaintiffs claim false arrest.

338

III. Law

A. Preemption

■ Bell and its employees argue that the action is preempted by the National Labor Relations Act ("NLRA" or "Act"). 29 U.S.C. § 157. The Act gives the NLRB exclusive original jurisdiction over labor law activity. *See San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 245, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959). This is referred to as "*Garmon* preemption." Stated broadly, *Garmon* holds that the NLRA preempts state regulation of conduct that is either arguably protected by the Act or arguably prohibited by the Act. *Garmon* also recognizes a "local interests" exception to preemption where claims "touch interests so deeply rooted in local feeling and responsibility that, in the absence of compelling Congressional direction, we could not infer that Congress had intended to deprive the States of power to act." *Garmon*, 359 U.S. at 243–44, 79 S.Ct. 773.

The ninth circuit recently noted in *Radcliffe v. Rainbow Construction*, 254 F.3d 772, 785 (2001), that "false arrest, false imprisonment, and malicious prosecution are similar to torts of threatened violence, traditionally held not to be preempted, or intentional infliction of emotional distress, and defamation, both of which the Supreme Court has held to be excepted from *Garmon's* preemption rule even though they involve conduct arguably protected or prohibited by the NLRA."

Defendants attempt to distinguish *Radcliffe* on the grounds that it was a case where the false arrest arose out of a trespass—a state law action. In the instant case the alleged false arrest arose from simple mobile picketing, which is governed by the Act.

■ If a cause of action can be maintained under the Act, then preemption may be appropriate. *Farmer v. United Brotherhood of Carpenters*, 430 U.S. 290, 302–05, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977). The *Farmer* court urges care in ensuring that the state action does not become entangled with matters within the province of the Act. *See id.* at 306–07, 97 S.Ct. 1056. Plaintiffs believe that their causes of action cannot be maintained before the NLRB, and so may be brought in Federal court. Plaintiff's brief at 14.

In deciding whether to permit an exception to the *Garmon* preemption rule, courts have looked at three significant factors: 1) whether the underlying conduct (i.e., the actions of picketers and employees and the response by the New York Police) is protected by the Act; 2) whether there is an overriding state interest, deeply rooted in local feeling or responsibility, in state regulation of the conduct in question, rather than the regulated activity being merely of peripheral concern to federal labor law; and 3) whether there is a risk that the state cause of action will interfere with the jurisdiction of the NLRB and with the effective administration of national labor policy. Douglas E. Ray et al., *Understanding Labor Law* 368 (1999).

B. Failure to Support Claims

Defendants also allege that plaintiffs have failed to support their claims of malicious prosecution, intentional infliction of emotional distress, and false arrest.

1. Intentional Infliction of Emotional Distress

■ "Under New York law, a claim for intentional infliction of emotional distress requires a showing of (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Stuto v. Fleishman*, 164

F.3d 820, 827 (2d Cir.1999); see also *Howell v. New York Post Co.*, 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 612 N.E.2d 699 (1993).

■ The New York Court of Appeals has strongly cautioned against allowing emotional distress claims to be brought where other tort remedies are available. See, e.g., *Fischer v. Maloney*, 43 N.Y.2d 553, 402 N.Y.S.2d 991, 373 N.E.2d 1215 (1978). This rule has been consistently applied by lower state courts and federal courts applying New York law. As one federal district court recently put the matter:

> In New York, "intentional infliction of emotional distress is a theory of recovery that is to be invoked only as a last resort," when traditional tort remedies are unavailable. See *EEOC v. Die Fliedermaus*, L.L.C., 77 F.Supp.2d 460, 472 (S.D.N.Y.1999) (quoting *McIntyre v. Manhattan Ford, Lincoln–Mercury, Inc.*, 256 A.D.2d 269, 682 N.Y.S.2d 167, 169 (1st Dep't 1998)). Accordingly, "[n]o intentional infliction of emotional distress claim will lie where the conduct underlying the claim falls within the ambit of traditional tort liability." *Hansel v. Sheridan*, 991 F.Supp. 69, 75 (N.D.N.Y.1998) (McAvoy, Chief Judge). In the instant case, since the conduct complained of are encompassed in plaintiff's claims for assault and battery and malicious prosecution, plaintiff's claim for intentional infliction of emotional distress must be dismissed.

*Naccarato v. Scarselli*, 124 F.Supp.2d 36 (N.D.N.Y.2000).

## 2. False Arrest

■ False arrest requires four elements. Plaintiff must have been confined, aware of confinement, and unconsenting, and the confinement must have been unprivileged. *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996).

■ Probable cause is an absolute defense to false arrest. *Illinois v. Gates*, 462 U.S. 213, 241–46, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Singer v. Fulton Co. Sheriff*, 63 F.3d 110, 118 (2d Cir.1995).

■ Probable cause is deemed to exist under New York law "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Brown v. City of New York*, 2001 WL 477279 (E.D.N.Y. 2001); (quoting *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118–119 (2d Cir.1995), cert. denied, 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996). All that is required is a *probability* of criminal activity, not an actual showing. *Gates*, 462 U.S. at 244 n. 13, 103 S.Ct. 2317.

## 3. Malicious Prosecution

■ To obtain a recovery for malicious prosecution, the following elements must be proven: 1) a criminal proceeding was commenced; 2) the proceeding was terminated in favor of the accused; 3) there was no probable cause; and 4) the proceeding was brought out of actual malice. *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 735 N.Y.S.2d 868, 872, 761 N.E.2d 560 (2001). The first two elements are satisfied, thus, the issue revolves around the remaining two.

■ Under New York law, malice does not have to amount to spite or hatred. Rather, "the defendant must have commenced the proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir.1996). This determination is essentially fact-based.

## IV. Application of Law to Facts

### A. Preemption

■ Defendants have not proved preemption. They do not distinguish some of

the most damaging language from *Radcliffe*. If plaintiffs' claims cannot be heard by the NLRB, then *Farmer* (combined with general fairness concerns) should be read as not requiring a finding of preemption.

Applying the three-pronged test described in Part III.A., *supra*, plaintiffs' claims survive preemption and stand. First, the underlying activity complained of is malicious prosecution, false arrest, and intentional infliction of emotional distress. Although this conduct occurred in the context of mobile picketing (which is governed by the Act), the alleged conduct was arguably unrelated to the picketing. Second, there is an overriding state interest in regulating the torts complained of. These are areas historically governed by local law. Third, permitting these charges to be heard by a state tribunal is peripheral to federal labor law policy; it will not affect effective administration of the Act.

From a public policy perspective, it would be unfair to preempt plaintiff's claims. If preemption is applied, plaintiffs would be left with no opportunity for redress. These are personal claims that were assumed by the parties not to have been addressed by the NLRB in its hearing.

Summary judgement is denied on the preemption claim.

### B. Infliction of Emotional Distress

 Plaintiffs allegations do not meet the required standard of outrageous behavior. In addition the claim overlaps with traditional tort claims. Summary judgment is granted on the infliction of emotional distress claim.

### C. False Arrest

The officers had probable cause to arrest. One detective was shown a videotape depicting threats. The employee defendants filed a police report and pressed charges against plaintiffs. Walsh Deposition at 116, 117. They informed detectives that they were in fear of harm. Id. at 118.

The false arrest claim is dismissed.

### D. Malicious Prosecution

The employees were apprehensive of imminent harm by virtue of plaintiffs' threats. Even if they knew that the picketing was lawful, it does not follow that the accompanying threats made by plaintiffs were lawful as well.

Malice was absent. Summary judgment is granted in defendants' favor on this count.

### V. Conclusion

The case is dismissed. Costs and disbursement to defendants.

SO ORDERED.