NUMBER 13-03-486-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

TERESE ANNE MOSER,                                             Appellant,


 

                                           v.

 

DEBORAH ROBERTS,                                               Appellee.


___________________________________________________________________

 

                  On
appeal from the 103rd District Court 

                          of
Cameron County, Texas.

___________________________________________________  _______________

 

                             O P I
N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellee/cross-appellant, Deborah Roberts (Roberts), filed suit
against appellant/cross-appellee, Terese Anne Moser (Moser), asserting multiple
causes of action, including slander, libel, intentional infliction of emotional
distress (IIED), and three complaints for malicious prosecution.  The jury returned a verdict in favor of
Roberts on libel, IIED, and two of her three claims for malicious prosecution,
and against Roberts on slander and the remaining claim for malicious
prosecution.[1]  Finding that the "various causes of
action contain[ed] the same damages," the trial court limited the form of
recovery to IIED and awarded only those damages assigned by the jury to that
cause of action.  Thereafter, this appeal
ensued.  

By eight issues, Moser generally complains of the sufficiency of the
evidence with respect to Roberts's claims for libel, IIED, and malicious
prosecution.[2]  On cross-appeal, Roberts contends the trial
court erred (1) by limiting her award to IIED damages and (2) alternatively, by
granting, sua sponte, a judgment notwithstanding the verdict on her libel and
malicious prosecution causes of action. 
We reverse and remand.

I.  Background








Roberts and her former husband, Mark Roberts, divorced in 1993.  Mr. Roberts was named managing conservator of
their two children, while Roberts was named possessory conservator of the
children with restricted visitation rights. 
Subsequent to the divorce, Moser became involved in a relationship with
Mr. Roberts.  Therefore, it became
necessary, on occasion, for Roberts to communicate with Moser to make
arrangements regarding the visitation of her children or to speak with her
children when she called the home of Moser and Mr. Roberts.  At times, conflicts arose between the two
parties.

At trial, Roberts established that Moser recorded a voice message on
her cell phone that stated:  "If
this is Deborah Roberts calling to harass me again, I'm sorry, your number has
been blocked."  The record also
shows that Moser published a letter to Roberts's father, which read in part:
"They [Moser's children] have a fear of her [Roberts] as a child would of
a 'mad dog.' . . . I find it laughable . . . given her uneducated,
unsophisticated, fowl [sic] mouthed, bitter rages . . . .  I have witnessed . . . this maniac trying to
destroy their commitment and homelife." 
In addition, the record demonstrates that Moser filed complaints with
the Brownsville Police Department that resulted in the criminal prosecution of
Roberts for telephone harassment, obscene phone calls, and trespass.[3]


Based on the above facts, Roberts filed the underlying lawsuit against
Moser asserting claims for slander, libel, IIED, and malicious
prosecution.  Eight questions, one for
each cause of action and one for damages based on each claim, were submitted to
the jury.  Although the jury awarded
Roberts $193,000 for libel, $340,000 for IIED, and $30,000 for malicious
prosecution, the trial court limited her recovery to the $340,000 awarded by
the jury for IIED.[4]








II.  Intentional Infliction of
Emotional Distress

Moser has filed two supplemental letter briefs to bring to the Court's
attention two cases recently decided by the Texas Supreme Court that address
the limited availability of the tort of IIED. 
See Creditwatch, Inc. v. Jackson, 157 S.W.3d 814, 815-16 (Tex.
2005); Hoffman-La Roche, Inc. v. Zeltwanger, 144 S.W.3d 438, 446-48, 450
(Tex. 2004).  Before addressing the
issues raised by the parties, we must first address the threshold issue of
whether Roberts was entitled to recover under her claim for IIED when she also
brought claims for slander, libel, and malicious prosecution. 

A.  The Law













The Texas Supreme Court first recognized the independent tort of
intentional infliction of emotional distress in 1993.  Standard Fruit & Vegetable Co., Inc.
v. Johnson, 985 S.W.2d 62, 65 (Tex. 1998) (citing Twyman v. Twyman,
855 S.W.2d 619, 621-22 (Tex. 1993)).  To
recover under IIED, a plaintiff must prove that (1) the defendant acted
intentionally or recklessly, (2) the conduct was extreme and outrageous, (3)
the actions of the defendant caused the plaintiff emotional distress, and (4)
the resulting emotional distress was severe. 
Id. (citing Twyman, 855 S.W.2d at 621).  However, the tort of IIED is first and
foremost a "gap-filler" tort which was created for the "limited
purpose of allowing recovery in those rare instances where a defendant inflicts
severe emotional distress in a manner so unusual that the victim has no other
recognized theory of redress."  Hoffmann-La
Roche, Inc., 144 S.W.3d at 447 (citing Standard Fruit & Vegetable Co.,
Inc., 985 S.W.2d at 68).  The tort's
clear purpose is to supplement existing forms of recovery by providing a cause
of action for egregious conduct that might otherwise go unremedied.  Id.; see Standard Fruit &
Vegetable Co., Inc., 985 S.W.2d at 68. 
The tort of IIED "simply has no application when the actor intends
to invade some other legally protected interest, even if emotional distress
results."  Hoffman-La Roche, Inc.,
144 S.W.3d at 447 (citing in accord Messick v. Toyota Motor Mfg., Ky, Inc.,
45 F. Supp. 2d 578, 582 (E.D. Ky. 1999) (no claim for intentional infliction of
emotional distress because plaintiff had an existing form of recovery for
emotional distress under civil rights statute); K.G. v. R.T.R., 918
S.W.2d 795, 799 (Mo. 1996) (intentional infliction of emotional distress claims
"will not lie where the alleged conduct is intended to invade other
legally protected interests of the plaintiff"); McIntyre v. Manhattan
Ford, Lincoln-Mercury, Inc., 256 A.D.2d 269, 682 N.Y.S.2d 167, 169 (N.Y.
App. Div. 1998) (no reason to apply tort of intentional infliction of emotional
distress where an applicable statute expressly provides for emotional distress
damages); Haubry v. Snow, 106 Wn. App. 666, 31 P.3d 1186, 1193 (Wash.
Ct. App. 2001) ("employee may recover damages of emotional distress . . .
but only if the factual basis for the claim is distinct from the factual basis
for the discrimination claim")); Standard Fruit & Vegetable
Co., Inc., 985 S.W.2d at 67 (citing Restatement
(Second) of Torts ' 47 cmt. a
(1965)).  Thus, where the gravamen of a
plaintiff's complaint is really another tort, IIED is not available as a cause
of action.  Hoffman-La Roche, Inc.,
144 S.W.3d at 447-48 (citing Provencher v. CVS Pharmacy, 145 F.3d 5, 12
(1st Cir. 1998) (defamation); Thompson v. Sweet, 194 F. Supp. 2d 97, 103
(N.D.N.Y. 2002) (malicious prosecution, false imprisonment); Norris v.
Bangor Publ'g Co., 53 F. Supp. 2d 495, 508-09 (D. Me. 1999) (defamation); Barker
v. Huang, 610 A.2d 1341, 1351 (Del. 1992) (defamation); Banks v. Fritsch,
39 S.W.3d 474, 481 (Ky. Ct. App. 2001) (false imprisonment and assault and
battery); Nazeri v. Mo. Valley Coll., 860 S.W.2d 303, 316 (Mo. 1993)
(defamation); Quaker Petroleum Chems. Co. v. Waldrop, 75 S.W.3d 549, 555
(Tex. App.BSan Antonio 2002, no
pet.) (negligence, gross negligence); Rice v. Janovich, 109 Wn.2d 48,
742 P.2d 1230, 1238 (Wash. 1987) (assault)). 

B.  Analysis








In her second amended petition, Roberts incorporated all facts set out
in support of her claims for slander, libel, and malicious prosecution to
support her cause of action for IIED. 
She also asserted that such conduct (1) was extreme and outrageous, (2) was
intentional and/or reckless, and (3) caused plaintiff emotional distress that
was severe.  See Standard Fruit
& Vegetable Co., Inc., 985 S.W.2d at 65 (identifying the elements of
IIED).  The gravamen of Roberts's
complaint as pleaded rested on her claims for slander, libel, and malicious
prosecution.  See Hoffman-La Roche,
Inc., 144 S.W.3d at 447-48.  Because
Roberts's claims for slander, libel, and malicious prosecution afforded her a
remedy for any resulting emotional distress, there was no gap left to fill with
an IIED cause of action.  See
Creditwatch, Inc., 157 S.W.3d at 816 (providing that even if other remedies
do not explicitly preempt the tort of IIED, their availability leaves no gap to
fill).  Thus, we conclude the tort of
IIED was not available to her based on the facts supporting those causes of
action.  Id.; see Hoffman-La
Roche, Inc., 144 S.W.3d at 447-48.

Nonetheless, Roberts argues on appeal that Moser's "continuous
insidious conduct" was a separate event for which a claim of IIED could stand
alone.  See Hoffman-La Roche, Inc.,
144 S.W.3d at 441, 447 (stating that when the gravamen of the
plaintiff's complaint is really another tort, the plaintiff must proceed solely
under the other tort unless there are additional, unrelated facts to support an
independent claim for IIED). However, Roberts does not refer the Court to
additional, unrelated facts in the record that support an independent claim for
IIED, and she does not support her contention with clear and concise arguments.  Therefore, this assertion  has been waived.  See Tex.
R. App. P. 38.1(h) (providing contentions on appeal must be supported by
clear and concise arguments with appropriate citations to authorities and to
the record); id. at rule 38.2(a) (setting out that an appellee's brief
must conform to the requirements of rule 38.1). 

III.  Conclusion

Accordingly, we reverse the trial court's judgment and remand the
cause to the trial court for the rendition of judgment consistent with this
opinion.[5]

 

NELDA V. RODRIGUEZ

Justice

 

Opinion
delivered and filed this

16th
day of February, 2006.               

 











[1]The jury found for Roberts on her
claims for malicious prosecution relating to obscene phone calls and trespass
and against Roberts on her claim for malicious prosecution with respect to
telephone harassment.





[2]Moser also contends that Roberts's
claims for malicious prosecution were barred by limitations.





[3]In the criminal prosecution of
Roberts, the jury found Roberts not guilty on the telephone harassment and
trespass charges.  The charge related to obscene
phone calls was dismissed by directed verdict.





[4]On her claim for libel, the jury
awarded Roberts $80,000 for past mental anguish and humiliation, $33,000 for
future mental anguish and humiliation, $60,000 for loss of reputation in the
past, and $20,000 for loss of reputation in the future.  With respect to her claim for IIED, the jury
awarded Roberts $50,000 for past mental anguish and humiliation, $50,000 for
future mental anguish and humiliation, $40,000 for loss of reputation in the
past, and $200,000 for loss of reputation in the future.  On her claim for malicious prosecution, the
jury awarded Roberts $5,000 for mental anguish and humiliation and $25,000 in
attorney's fees.  





[5]Having remanded the cause to the
trial court for rendition of appropriate judgment, we do not reach appellant's
and appellee's issues.  See Tex. R. App. P. 47.1.