Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered December 5, 2012, awarding plaintiff damages in the principal amount of $1.6 million, comprised of $400,000 in compensatory damages for emotional distress, and $1.2 million in punitive damages, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about September 28, 2012, which denied defendants’ motion to set aside or reduce the jury verdict, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The record evidence, which is extensive and corroborated by multiple witnesses, amply supports the jury’s verdict that, in violation of the New York City Human Rights Law (City HRL), plaintiffs employer, defendant Edward Globokar, the principal of Gloria’s Tribecamex Inc., which owned the restaurant where plaintiff worked as chef and manager, discriminated against her based on her religion and sexual orientation by, amongst other things, holding weekly prayer meetings at the restaurant where plaintiff worked which the staff viewed as mandatory, fearing that they would lose their jobs if they did not attend, repeatedly stating that homosexuality is “a sin,” and that “gay people” were “going to go to hell” and generally subjecting her to an incessant barrage of offensive anti-homosexual invective (see *570 Administrative Code of City of NY § 8-107 [1] [a]). Additional evidence demonstrated that as a result of Globokar’s improper conduct, plaintiff was retaliated against for objecting to his offensive comments, choosing not to attend workplace prayer meetings, and refusing to fire another employee because of his sexual orientation (see Administrative Code § 8-107 [7]; Fletcher v Dakota, Inc., 99 AD3d 43, 51-53 [1st Dept 2012]), and was constructively discharged (see Albunio v City of New York, 67 AD3d 407, 408 [1st Dept 2009], affd 16 NY3d 472 [2011]).
The trial court correctly instructed the jury that “[discrimination on the basis of sexual orientation or religion must be beyond what is considered petty slights and trivial inconveniences” (see Williams v New York City Hous. Auth., 61 AD3d 62, 80 [1st Dept 2009], lv denied 13 NY3d 702 [2009]). Defendants’ argument that the trial court should instead have charged the jury based on the New York State Human Rights Law’s more restrictive “severe and pervasive” standard is without merit (see id.; Zakrzewska v New School, 14 NY3d 469, 480-481 [2010]). Defendants argument that, in order to protect Globokar’s right to express his religious views, the trial court should have also charged the jury on the substance of City HRL (Administrative Code) § 8-107 (3), is similarly meritless, since this provision is designed to avail victims of employment discrimination, not perpetrators of discrimination. In any event, the trial court properly protected Globokar’s First Amendment rights by instructing the jury that he had “a right to express his religious beliefs and practice his religion, provided that he does not discriminate against his employees based on religion or sexual orientation.”
The award of compensatory damages does not materially deviate from awards for emotional distress rendered in similar cases (see Albunio, 67 AD3d 407; McIntyre v Manhattan Ford, Lincoln-Mercury, 256 AD2d 269, 270-271 [1st Dept 1998], appeal dismissed 93 NY2d 919 [1999], lv denied 94 NY2d 753 [1999]).
Given the extensive evidence of defendants’ discriminatory conduct, we do not find that the punitive damages award was grossly excessive (see Nardelli v Stamberg, 44 NY2d 500, 503 [1978]; McIntyre, 256 AD2d at 269, 271; Hill v Airborne Frgt. Corp., 212 F Supp 2d 59, 74, 77 [ED NY 2002]).
We have considered defendants’ remaining contentions and find them unavailing.
Concur — Acosta, J.E, Renwick, Moskowitz, Freedman and Feinman, JJ.