**LK Jane Doe 1 v Mount Sinai Beth Israel**

2026 NY Slip Op 30844(U)

March 2, 2026

Supreme Court, New York County

Docket Number: Index No. 952140/2023

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ADAM SILVERA                        PART                    01M

_Justice_

------------------------------------------------------------------X

LK JANE DOE 1,                                        INDEX NO.         952140/2023

                        Plaintiff,                   MOTION DATE       2/24/26

                                                     MOTION SEQ. NO.   002 003
                   - v -

MOUNT SINAI BETH ISRAEL, BETH ISRAEL MEDICAL
CENTER, MOUNT SINAI HEALTH SYSTEM, INC.,KEVIN B.      **DECISION + ORDER ON**
QUINN, ESQUIRE,                                            **MOTION**

                        Defendant.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 15, 16, 17, 18, 19,
20, 23, 24, 25, 33, 34, 35, 39, 40, 41

were read on this motion to/for                      _____DISMISSAL_____.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 26, 27, 28, 29, 30,
31, 32, 36, 42

were read on this motion to/for                      _____CONSOLIDATE/JOIN FOR TRIAL_____.

This Adult Sexual Survivor Act (ASA) action arises out of alleged sexual assault sustained

by plaintiff LK Jane Doe 1 (Plaintiff) while a patient of Dr. Richardo Cruciani, a Beth Isreal

employee specializing in pain management (Cruciani). In motion sequence 002, Defendants Mount

Sinai Beth Isreal, Beth Isreal Medical Center, and Mount Sinai Health System, Inc. (MSHS)

(collectively, Defendants)[1] move to dismiss Plaintiff's claims against MSHS pursuant to CPLR

3211 (a) (1) and to dismiss Plaintiff's claims for intentional infliction of emotional distress and for

the hospital's vicarious liability for Cruciani's conduct pursuant to CPLR 3211 (a) (7).

---

[1] Defendants assert that Beth Isreal Medical Center d/b/a Mount Sinai Beth Isreal is incorrectly sued in the Complaint as Mount Sinai Beth Isreal and Beth Isreal Medical Center. Plaintiff's opposition papers do not refute this position. To avoid confusion, defendants Mount Sinai Beth Isreal and Beth Isreal Medical Center will together referred to as "Beth Isreal."

[* 1]

Defendants withdrew the portions of their motion seeking dismissal of Plaintiff's claims for medical malpractice and lack of informed consent. *See* NYSCEF doc. no. 39. Further, Plaintiff agreed to discontinue the first cause of action (violation of Public Health Law § 240), seventh cause of action (negligent infliction of emotional distress); and eighth cause of action (vicarious liability). *See* NYSCEF doc. no. 23 at 6, FN2. Therefore, those causes of action are deemed discontinued, and the Court need not address those portions of Defendant's motion seeking their dismissal.

## I.       Documentary Evidence – Claims Against MSHS

"On a pre-answer motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction and the plaintiff's allegations are accepted as true and accorded the benefit of every possible favorable inference." *Granada Condominium III Ass'n v Palomino*, 78 AD3d 996, 996 (2d Dept 2010), citing *Leon v Martinez*, 84 NY2d 83, 87 (1994), *Reiver v Burkhart Wexler & Hirschberg, LLP*, 73 AD3d 1149, 1150 (2d Dept 2010).CPLR 3211 (a) (1) prescribes that "a party may move for judgment dismissing one or more causes of action asserted against him on the ground that…a defense is founded on documentary evidence."

A motion pursuant to CPLR 3211 (a) (1) "may be appropriately granted only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law." *Goshen v Mut. Life Ins. Co. of New York*, 98 NY2d 314, 326 (2002), citing *Leon v Martinez*, 84 NY2d 83, 88 (1994). "[F]or evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable." *Guido*, 102 AD3d at 830; quoting *Granada Condominium III Ass'n Palomino*, 78 AD3d 996, 996-997 (2d Dept 2010) (internal quotations omitted).

**952140/2023   LK JANE DOE 1 vs. MOUNT SINAI BETH ISRAEL ET AL**
**Motion No. 002 003**

**Page 2 of 7**

2 of 7

[* 2]

Defendants argue that Plaintiff's claims against MSHS should be dismissed, because documentary evidence conclusively establishes that MSHS is an indirect parent corporation of Beth Israel, and a parent corporation cannot be liable for its subsidiary absent intervention in the subsidiary's management and affairs. In support of their motion, Defendants annex the Certificate of Incorporation of MSHS and two affidavits of Louis Schenkel, Vice President for Compliance, Associate General Counsel and HIPAA Privacy Officer of MSHS. *See* NYSCEF doc. nos. 18, 19 (Shenkel Affidavits). As per MSHS's Articles of Incorporation, it is the sole member of Mount Sinai Health Group (MSHG), and MSHG is, in turn, the sole member of Beth Israel.

It is true that parent corporation is treated as a separate entity from its subsidiaries and cannot be held liable for the subsidiary's actions based exclusively on their ownership interests in the subsidiary. *See e.g. Billy v Consol. Mach. Tool Corp.,* 51 NY2d 152, 162 (1980). To hold a parent corporation liable for its subsidiary's acts or omissions, "there must be direct intervention by the parent in the management of the subsidiary to such an extent that the subsidiary's paraphernalia of incorporation, directors and officers are completely ignored." *Id.* (quotations and citations omitted).

Here, the documentary evidence submitted alone does not conclusively establish that there has been no direct intervention by MSHS in the management of Beth Isreal. *Goshen v Mut. Life Ins. Co. of New York,* 98 NY2d 314, 326 (2002). Rather, Defendants rely on the Shenkel Affidavits to interpret and shed further light on the relationship between Beth Isreal and MSHS. *See Williamson, Picket, Gross, Inc. v Hirschfeld,* 92 AD2d 289, 290 (1st Dept 1983) (holding that an affidavit does not qualify as documentary evidence to support a motion to dismiss under CPLR [a] [1]).

952140/2023  LK JANE DOE 1 vs. MOUNT SINAI BETH ISRAEL ET AL
Motion No.  002 003

Page 3 of 7

3 of 7

This is especially true as Plaintiff pleads in her complaint that Beth Isreal and MSHS took part in a de facto merger, i.e. that the Defendants continued with the same management, personnel, physical location(s), assets, and general business operations, and benefitted from prior good will. *See* NYSCEF doc. no. 1 at ¶ ¶ 22-26. Taking the facts alleged in the Complaint as true, as is required on a motion pursuant to CPLR 3211, the Certificate of Incorporation alone does not "utterly refute plaintiff's factual allegations" that a de facto merger between defendant entities took place. *See Goshen v Mut. Life Ins. Co. of New York*, 98 NY2d 314, 326 (2002); *see also In re New York City Asbestos Litigation*, 15 AD3d 254, 256 (1st Dept 2005) (outlining the four factors that courts must consider when determining whether a de facto merger has taken place).

## II.     Failure to State a Claim – Intentional Infliction of Emotional Distress and Vicarious Liability

Pursuant to CPLR 3211 (a) (7), a party may move to dismiss a claim on the ground that the pleading fails to state a cause of action. Upon such a motion the Court must accept the facts alleged as true and determine simply whether plaintiff's facts fit within any cognizable legal theory. *See* CPLR 3026; *Morone v Morone*, 50 NY2d 481 (1980). In reviewing a motion to dismiss, the complaint shall be liberally construed, and the allegations are given the benefit of every possible favorable inference. *See Leon v Martinez*, 84 NY2d 83, 87 (1994).

### a.  Vicarious Liability

Defendants seek to dismiss Plaintiff's complaint to the extent she seeks to hold Defendants vicariously liable for Cruciani's sexual misconduct, asserting that employers, as a matter of law, cannot be held vicariously liable for sexual misconduct of their employees. "[A]n employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment." *N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 (2002) (citations omitted).

Taking the facts in the complaint as true, as is required on a motion to dismiss, Plaintiff alleges that Cruciani's alleged sexual assault was committed while engaged in his assigned duties and the scope of his employment. *Compare Contra Noto v. St. Vincent's Hosp. & Med. Ctr. Of New York*, 160 A.D.2d 656 (1st Dept 1990) (finding no vicarious liability when sexual contact occurred only after plaintiff was no longer a patient). Therefore, at this early, pre-discovery stage, the Court declines to dismiss Plaintiff's claims seeking to hold Defendants vicariously liable for Cruciani's sexual misconduct.

### b. Intentional Infliction of Emotional Distress

Defendant seeks dismissal of Plaintiff's intentional infliction of emotional distress (IIED) claim as duplicative of her negligence claims. Plaintiff argues that her cause of action for IIED is distinguishable from her claims sounding in negligence due to Defendants' knowledge of Cruciani's alleged misconduct and extreme and outrageous concealment of it. In support of this theory, Defendant cites two Second Department, Appellate Division cases: *Novak v Sisters of Heart of Mary*, 210 AD3d 1104, 1106 (2d Dept 2022) and *Eskridge v Diocese of Brooklyn*, 210 AD3d 1056, 1058 (2d Dept 2022). Nevertheless, the First Department, Appellate Division has held that:

> The genesis of the tort of intentional infliction of emotional distress as a departure from the common law, and as a novel means of providing relief for emotional harm when no other tort theory is viable, is set forth more fully by Chief Judge Kaye's opinion in *Howell*, *supra*, at 119–121, 596 N.Y.S.2d 350, 612 N.E.2d 699 and in our decision in *McIntyre v. Manhattan Ford, Lincoln Mercury*. 256 A.D.2d 269, 682 N.Y.S.2d 167, *lv. denied* 94 N.Y.2d 753, 700 N.Y.S.2d 427, 722 N.E.2d 507. If another traditional tort claim is pleaded and sustained, there is authority that the tort of intentional infliction of emotional distress merely duplicates the traditional tort and must be dismissed (*Demas v. Levitsky*, 291 A.D.2d 653, 738 N.Y.S.2d 402, *lv. denied* 98 N.Y.2d 728, 749 N.Y.S.2d 477, 779 N.E.2d 188). *164 Mulberry St. Corp. v Columbia Univ.*, 4 AD3d 49, 58 (2004).

First Department precedent requires dismissal of Plaintiff's IIED claim because it "fall[s] within the ambit of other traditional tort liability." *Fleischer v NYP Holdings. Inc.*, 104 AD3d 536, 539

952140/2023  LK JANE DOE 1 vs. MOUNT SINAI BETH ISRAEL ET AL
Motion No. 002 003

Page 5 of 7

(1st Dept 2013); *McIntyre v Manhattan Ford, Lincoln-Mercury, Inc.*, 256 AD2d 269, 270 (1st Dept 1998) (dismissing IIED claim as duplicative of claim for sexual harassment because it is a nontraditional remedy and "is a theory of recovery that is to be invoked only as a last resort"); *Davis v YMCA of USA*, 235 AD3d 530, 531 (1st Dept 2025). Here, because Plaintiff's cause of action for IIED is based on the same facts as her negligence-based claims and seeks essentially the same damages, that cause of action is dismissed.

### III. Consolidation

In motion sequence 003, Defendants seek to consolidate this action with three other actions involving common questions of law and fact. Plaintiff did not oppose the motion. Subsequent to the motion's return date, all four actions were transferred to the undersigned. At oral argument, counsel for both parties agreed that the motion is moot, as the related actions will all be handled by one judge and the cases will be calendared together for purposes of discovery and motion practice.

### IV. Conclusion

Accordingly, it is

ORDERED that Defendants' motion to dismiss (MS 002) is granted in part, only to the extent that Plaintiff's cause of action for intentional infliction of emotional distress is dismissed; and it is further

ORDERED that Defendants' motion for consolidation (MS 003) is denied as moot; and it is further

952140/2023   LK JANE DOE 1 vs. MOUNT SINAI BETH ISRAEL ET AL
Motion No.  002 003

Page 6 of 7

ORDERED that the parties shall appear for a status conference on April 23, 2026 at 9:30

a.m. in Room 252 at 60 Centre Street, New York, NY.

The foregoing constitutes the decision and order of the Court.

| | | | |
|---|---|---|---|
| **3/2/2026** | | | *ADAM SILVERA, J.S.C.* |
| **DATE** | | | ADAM SILVERA, J.S.C. |

CHECK ONE: [X] CASE DISPOSED   [X] NON-FINAL DISPOSITION

[ ] GRANTED   [ ] DENIED   [X] GRANTED IN PART   [ ] OTHER

APPLICATION: [ ] SETTLE ORDER   [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN   [ ] FIDUCIARY APPOINTMENT   [ ] REFERENCE

952140/2023   LK JANE DOE 1 vs. MOUNT SINAI BETH ISRAEL ET AL
Page 7 of 7
Motion No. 002 003

7 of 7

[* 7]