■ STEVEN ELSON, Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Respondents. [641 NYS2d 294] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered March 15, 1995, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of denying defendants' motion with respect to the second cause of action for intentional infliction of emotional distress and

reinstating that cause of action, and otherwise affirmed, with costs to plaintiff-appellant.

Plaintiff, who had an underlying psychological condition which was known to the defendant employer and for which plaintiff was receiving treatment, seeks to recover damages for mental anguish sustained as a result of allegedly being subjected to eight hours of threatening interrogation by the individual defendants, security officers of defendant Con Edison, who were investigating drug use at one of the utility's facilities, during which interrogation plaintiff was repeatedly shown a gun, not allowed to call a lawyer, denied lunch, and ultimately was intimidated into escorting the security officers to his home to conduct a search and into taking a lie detector test. The IAS Court erred in concluding that plaintiff's cause of action for intentional infliction of emotional distress was, in essence, a claim for wrongful discharge, which is not recognized in New York. Assuming the truth of the facts pleaded, the acts complained of could be found by a trier of fact to amount to extreme and outrageous conduct which cannot be tolerated in a civilized community and that they, therefore, adequately state a cause of action for intentional infliction of emotional distress (*see, Kaminski v United Parcel Serv.*, 120 AD2d 409, 412). Nor was this claim necessarily barred by the Workers' Compensation Law, because an intentional tort was sufficiently alleged (*Acevedo v Consolidated Edison Co.*, 189 AD2d 497, 500-501, *lv dismissed* 82 NY2d 748). However, the cause of action for negligence was properly dismissed as barred by Workers' Compensation. The cause of action for false imprisonment was properly dismissed for failure to make a prima facie showing of confinement.

We have considered plaintiff's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.