■ THOMAS SANTMYER, Appellant, v CITY OF SYRACUSE, Respondent. [654 NYS2d 547] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in dismissing the complaint on the ground that General Municipal Law § 207-c bars a civil action by a police officer against his employer for an intentional tort. "Section 207-c benefits are applied for and determined in a manner identical to Workers' Compensation benefits" (*O'Dette v Parton*, 190 AD2d 1074, 1075). "Intentional injuries are not covered by the Workers' Compensation Law, and an employee may bring a tort action for such wrongs against the offending employer" (*Burlew v American Mut. Ins. Co.*, 63 NY2d 412, 417; *see also, Elson v Consolidated Edison Co.*, 226 AD2d 288; *Ferguson v Davis Auto World*, 207 AD2d 991; *Ralph v Oliver*, 186 AD2d 977). We therefore conclude that injuries intentionally inflicted upon a police officer by the employer are not covered by General Municipal Law § 207-c and that the officer may bring an action to recover for such injuries. (Appeal from Order of Supreme Court, Onondaga County, Nicholson, J.—Dismiss Complaint.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.