■ JANELL RANDALL, Respondent, v TOD-NIK AUDIOLOGY, INC., et al., Appellants. [704 NYS2d 228] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered September 13, 1999, which denied defendants' motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint, unanimously affirmed, without costs.

Defendants contend that plaintiff's sexual harassment claims under Executive Law § 296 and Administrative Code of the City of New York § 8-107 must be dismissed because (1) plaintiff suffered no adverse consequence in her employment from her report to her employer, the corporate defendant, of workplace harassment; (2) the corporate defendant exercised reasonable care to prevent and correct any harassing behavior; and (3) plaintiff refused to participate in defendants' "prompt" and "neutral" investigation of her allegations (Faragher v City of Boca Raton, 524 US 775; Burlington Indus. v Ellerth, 524 US 742). However, assuming, without deciding, the applicability of the Faragher/Ellerth defense to harassment claims brought under State law, defendants' motion was properly denied. The Faragher/Ellerth defense may be relied on only where the alleged harassers are not sufficiently elevated within the corporate hierarchy to be viewed as corporate proxies (Faragher v City of Boca Raton, supra, at 789-792). Accordingly, defendants' invocation of the defense on their motion to dismiss is grounded on their contention that the record establishes, as a matter of law, that defendant Steven Mohink, plaintiff's alleged harasser, despite his nominally high corporate offices, was involved only in technical, and not high-level managerial, aspects of the corporate defendant's opera-

tion. It is clear from the record, however, that Mohink was the president, treasurer and 50% owner of the corporation, and his wife, the owner of the remaining 50% interest in the corporation, as well as the corporation's vice-president and secretary, acknowledged in an affidavit that the two "jointly operate the business" and that "[i]f employees had issues or concerns, they would raise them directly with Steve Mohink or myself, and we would try to promptly resolve those issues". In view of the foregoing, we cannot say that defendants established as a matter of law that Mohink was not, in fact, a proxy for the employer corporation and accordingly conclude that defendants failed to establish any right to relief under the *Faragher/Ellerth* doctrine. In any event, even if Mohink was, as defendants claim, a mere technical functionary, defendant corporation would still not be entitled to dismissal of plaintiff's harassment causes under *Faragher/Ellerth* since it is not clear that plaintiff suffered no retaliation from defendant employer by reason of her report of the alleged workplace harassment, or that defendants took prompt preventive and corrective action, or that plaintiff's refusal to cooperate in defendants' investigation of the alleged harassment was unreasonable.

Also without merit is defendants' contention that plaintiff's sexual assault and battery and intentional infliction of emotional distress claims should have been dismissed by reason of the exclusivity provisions of the Workers' Compensation Law. The exclusivity provisions of the Workers' Compensation Law do not apply to bar an action by an employee to recover for an intentional tort committed, instigated or authorized by the employee's employer (*see, Elson v Consolidated Edison Co.*, 226 AD2d 288; *Spoon v American Agriculturalist*, 120 AD2d 857, 860). As noted, the record indicates that there may be grounds to impute the complained of conduct by Mohink to the corporation based on Mohink's high-level position. Moreover, plaintiff asserts that Mohink's wife, the acknowledged manager of the business, was aware of the harassment and ignored it rather than confront Mohink (*see, Spoon v American Agriculturalist, supra*).

We have considered defendant's remaining arguments and find them unavailing. Concur—Nardelli, J. P., Williams, Ellerin, Wallach and Saxe, JJ.