■ In the Matter of SHANE M. DRAMAN, Petitioner, v LAMAR ADVERTISING OF PENN, INC., et al., Respondents. [709 NYS2d 306] —Determination unanimously annulled on the law without costs and matter remitted to respondent New York State Division of Human Rights for further proceedings in accordance with the following Memorandum: In this proceeding transferred to this Court pursuant to Executive Law § 298, petitioner seeks review of the determination of the Commissioner of respondent New York State Division of Human Rights (Division) dismissing his complaint following a public hearing. The complaint alleges that petitioner was forced to resign from his employment because of his religious beliefs (see, Executive Law § 296 [1]

[a]). We conclude that the determination of the Commissioner is inconsistent because he concludes both that petitioner failed to establish a prima facie case of discrimination and that petitioner's employer "has presented sufficient evidence to rebut the presumption of discrimination." The presumption of discrimination arises only if the employee establishes a prima facie case of discrimination (*see, Texas Dept. of Community Affairs v Burdine*, 450 US 248, 254). Additionally, we conclude that, in deciding whether petitioner established a prima facie case, the Commissioner improperly considered the reasons given by petitioner's employer for its actions (*see, Ferrante v American Lung Assn.*, 90 NY2d 623, 629). Finally, the Commissioner erred in failing to determine whether the reasons given by petitioner's employer for its actions were a pretext for discrimination. "Once the [employer] 'responds to the [employee's] proof by offering evidence of the reason for the [employee's discharge], the factfinder must then decide' * * * 'whether the [discharge] was discriminatory' " (*St. Mary's Honor Ctr. v Hicks*, 509 US 502, 518-519, quoting *United States Postal Serv. Bd. of Governors v Aikens*, 460 US 711, 714-715). We therefore annul the determination and remit the matter to the Division for a new determination with findings of fact. (Executive Law § 298 Proceeding Transferred by Order of Supreme Court, Erie County, Glownia, J.) Present—Pigott, Jr., P. J., Hayes, Wisner and Kehoe, JJ.