**Buntin S. McPHERSON,**
**Plaintiff–Appellant,**

v.

**NYP HOLDINGS, INC., Defendant–**
**Appellee.**

**No. 05–5404–cv.**

United States Court of Appeals,
Second Circuit.

June 27, 2007.

---

Buntin S. McPherson, Brooklyn, N.Y., pro se.

Michael Starr, Hogan & Hartson LLP, New York, N.Y., for Defendant–Appellee.

PRESENT: Hon. JOSEPH M. MCLAUGHLIN, Hon. GUIDO CALABRESI and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellant Buntin S. McPherson appeals from an order of the district court granting, on all of McPherson's claims, the Defendant–Appellee's motion for summary judgment. Plaintiff–Appellant asserted claims, under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e *et seq.*, 42 U.S.C. § 1981, New York Executive Law § 290 *et seq.*, and New York City Administrate Code § 8–107, for pay discrimination and harassment, in the form of a hostile work environment, on the basis of his race and national origin. We presume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

■ First, with respect to Plaintiff–Appellant's pay discrimination claim, we assume, *arguendo,* that he has made out a prima facie case of disparate pay. Even allowing for this assumption, however, and adding to it the further assumption that the explanations provided by Defendant–Appellee for the differences in pay could be found by a jury to be pretextual, we do not find sufficient evidence of discrimination to allow the case to survive summary judgment. *See James v. New York Racing Ass'n,* 233 F.3d 149, 156 (2d Cir.2000) (noting that a "prima facie case, combined with falsity of the employer's explanation, will not [always] be sufficient" to reach a jury); *see also Fisher v. Vassar College,* 114 F.3d 1332, 1333 (2d Cir.1997) (en banc) ("[E]vidence constituting a prima facie case prior to the employer's proffer of a reason, coupled with the error or falsity of the employer's proffered reason, may—*or may not*—be sufficient to show illegal discrimination." (emphasis added)).

■ Second, the court below took the position that racial remarks allegedly made by an employee of Defendant–Appellee's were too few and too casual to create a hostile work environment. It is true that "isolated incidents ordinarily will not rise to the level of a hostile work environment, [however] a single incident of sufficient severity may so alter the terms and conditions of employment as to create such an environment." *Patterson v. County of Oneida,* 375 F.3d 206, 227 (2d Cir.2004). In this instance, however, it is not necessary to decide Plaintiff–Appellant's federal claims. McPherson, concededly, did not take advantage of Defendant–Appellee's anti-harassment procedures. As a result, even assuming that the remarks were sufficient to create a hostile environment, Defendant–Appellee would nonetheless be shielded from liability by the *Faragher/Ellerth* affirmative defense. *See Ferraro v. Kellwood Co.,* 440 F.3d 96, 101 (2d Cir. 2006) (describing defense as "that (1) 'the employer exercised reasonable care to prevent and correct promptly any [discriminatory] harassing behavior', and (2) 'the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer....'") (citing *Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118-S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998)).

■ Although we affirm the district court's judgment on the federal claims, New York State law is not clear as to the application of this defense to cases under

**54**

the Executive Law. *See Perks v. Huntington,* 251 F.Supp.2d 1143, 1159 (E.D.N.Y.2003) (noting that the New York Court of Appeals has yet to speak on the applicability of *Faragher/Ellerth* to New York Executive Law); *see also Vitale v. Rosina Food Products, Inc.,* 283 A.D.2d 141, 727 N.Y.S.2d 215, 219 (N.Y.App.Div. 2001) (finding it unnecessary to decide, at that time, the applicability of the *Faragher/Ellerth* defense to a state hostile work environment claim); *Randall v. Tod–Nik Audiology, Inc.,* 270 A.D.2d 38, 704 N.Y.S.2d 228, 229 (N.Y.App.Div.2000) (assuming, without deciding, the applicability of *Faragher/Ellerth* to harassment claims brought under state law). Under the circumstances, since all McPherson's federal claims fail, we believe the proper procedure is to dismiss the state law claims without prejudice to their being brought in state court.[1] *See Kolari v. New York–Presbyterian Hosp.,* 455 F.3d 118, 122 (2d Cir.2006) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." (internal citations omitted)).

We have considered all of Plaintiff–Appellant's arguments and find them to be without merit; accordingly, McPherson's motion that counsel be appointed is denied. *See Cooper v. A. Sargenti Co.,* 877 F.2d 170, 174 (2d Cir.1989) (per curiam).

The judgement of the district court is therefore AFFIRMED as to McPherson's federal claims, while his state law claims are DISMISSED without prejudice.

---

1. McPherson makes before us, for the first time, a retaliation claim. As he failed to raise it in the court below, we will not consider it. *See Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *Kraebel v. New York City Dep't of Hous. Pres. and Dev.,* 959 F.2d 395, 401 (2d Cir.1992).