1430

■ In the Matter of SHANE M. DRAMAN, Petitioner, v LAMAR ADVERTISING OF PENN, INC., et al., Respondents. [865 NYS2d 478]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Joseph R. Glownia, J.], entered June 13, 2002) to review a determination of respondent New York State Division of Human Rights. The determination found after a hearing that respondent Lamar Advertising of Penn, Inc. had not engaged in an unlawful discriminatory practice and dismissed petitioner's complaint.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to Executive Law § 298 seeking review of the determination of the Commissioner of respondent New York State Division of Human Rights (Division) dismissing his complaint in which he alleged that Lamar Advertising of Penn, Inc. (respondent) had unlawfully discriminated against him. According to petitioner, he was constructively discharged from his employment with respondent because of his religious beliefs. When this proceeding previously was before us, we annulled the determination and remitted the matter to the Division "for a new determination with findings of fact" (*Matter of Draman v Lamar Adv. of Penn*, 273 AD2d 808, 809 [2000]). We concluded that the determination of the Commissioner "is inconsistent because he concludes both that petitioner failed to establish a prima facie case of discrimination and that [respondent] 'has presented sufficient evidence to rebut the presumption of discrimination' " (*id.*). In addition, we concluded that the Commissioner improperly considered the reasons given by respondent for its actions in deciding whether petitioner had established a prima facie case of discrimination and that the Commissioner failed to determine whether the reasons given by respondent for its actions were a pretext for discrimination (*id.*). On remittal, the Commissioner determined that respondent's reasons for the constructive discharge of petitioner were not pretextual.

We note at the outset that petitioner failed to preserve for our review his contention that, on remittal, the Commissioner should have determined the merits of the petition pursuant to the analysis set forth in *Price Waterhouse v Hopkins* (490 US 228 [1989]) rather than that set forth in *McDonnell Douglas Corp. v Green* (411 US 792 [1973]). The Commissioner has consistently applied the *McDonnell Douglas* analysis, and petitioner never objected or even suggested that the proper analysis was that set forth in *Price Waterhouse.*

With respect to the merits of the determination, we note the well-established principle that this Court may not substitute its judgment for that of the Commissioner (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179-180 [1978]), and "we must confirm the determination so long as it is based on substantial evidence" (*State Div. of Human Rights v Rochester Prods. Div. of Gen. Motors Corp.*, 112 AD2d 785, 786 [1985]). We conclude that the Commissioner's determination that the reasons given for petitioner's discharge were not pretextual is supported by substantial evidence. The record establishes that respondent believed that petitioner was intending to quit his employment with respondent at a time when his billings were thousands of dollars less than the moneys respondent had advanced to him against those billings. The record further establishes that neither petitioner's salary level nor commission percentage rate was reduced but, rather, only petitioner's weekly draw was reduced as a temporary measure until the amounts that respondent had advanced to petitioner no longer exceeded his billings.

We have reviewed petitioner's remaining contention and conclude that it is without merit. Present—Scudder, P.J., Centra, Fahey, Peradotto and Green, JJ.