In the Matter of ELIZABETH L. WINKLER, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [872 NYS2d 797]—

Proceeding pursuant to Executive Law § 298 (transferred to the Appellate Division of the Supreme Court for the Fourth Judicial Department by order of the Supreme Court, Erie

County [Kevin M. Dillon, J.], entered June 12, 2008) to annul a determination of respondent New York State Division of Human Rights. The determination dismissed petitioner's complaint alleging, inter alia, that petitioner was subjected to a hostile work environment.

It is hereby ordered that the determination is unanimously annulled on the law without costs and the matter is remitted to respondent New York State Division of Human Rights for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Executive Law § 298, petitioner seeks to annul the determination dismissing her complaint following a public hearing. In her complaint, petitioner alleged, inter alia, that she was subjected to a hostile work environment by respondents The Fitness Institute and Pilates Studio, Richard Williamson and Julie Williamson. We conclude that the determination of the Commissioner of respondent New York State Division of Human Rights (Division) that petitioner "neglected to take advantage of [her employer's] reasonable complaint procedures" is not supported by substantial evidence. An employer may assert as an affirmative defense that it "exercised reasonable care to prevent and correct promptly discriminatory conduct committed by its supervisory personnel, such as by promulgating an antidiscrimination policy with complaint procedure, and that the [employee] unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to otherwise avoid harm" (*Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 312 n 10 [2004]; *see Faragher v Boca Raton*, 524 US 775, 807-808 [1998]). The Commissioner erred in applying that affirmative defense in this case, however, because the individuals who allegedly harassed petitioner were "indisputably within that class of an employer organization's officials who may be treated as the organization's proxy" (*Faragher*, 524 US at 789; *see Randall v Tod-Nik Audiology*, 270 AD2d 38, 38-39 [2000]). Furthermore, the antidiscrimination policy of petitioner's employer did not provide a mechanism through which employees could bypass a harassing supervisor when making a complaint (*see Faragher*, 524 US at 808). We thus conclude that petitioner's failure to register a complaint was not unreasonable (*see Randall*, 270 AD2d 38 [2000]; *see generally Faragher*, 524 US at 806-810).

In her order, the Commissioner "[did] not adopt the conclusion [of the administrative law judge] that the behavior about which [petitioner] complain[ed was] insufficient as a matter of law to constitute a hostile work environment." We are unable to discern on the record before us whether, but for her erroneous

reliance on the affirmative defense, the Commissioner would have found in favor of petitioner. We therefore annul the determination and remit the matter to the Division for a new determination with findings of fact addressing whether petitioner established that she was subjected to a hostile work environment (*see generally Matter of Draman v Lamar Adv. of Penn*, 273 AD2d 808 [2000]; *Mohawk Finishing Prods. v New York State Div. of Human Rights*, 70 AD2d 1016 [1979], *appeal dismissed* 48 NY2d 1027 [1980], *lv denied* 49 NY2d 702 [1980]). Present—Hurlbutt, J.P., Martoche, Fahey and Gorski, JJ.