Eskridge v Diocese of Brooklyn (2022 NY Slip Op 06788)

Eskridge v Diocese of Brooklyn

2022 NY Slip Op 06788

Decided on November 30, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2022-00748
 (Index No. 517924/19)

[*1]Jeffrey Eskridge, appellant, 
v
Diocese of Brooklyn, et al., respondents.

Pfau Cochran Vertetis Amala, PLLC, New York, NY (Anelga Doumanian of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Robert M. Ortiz, Christopher Simone, and Jeremy S. Rosof of counsel), for respondent Diocese of Brooklyn.
Scahill Law Group, P.C., Bethpage, NY (James G. Flynn of counsel), for respondent Our Lady Father's House/Our Lady of Victory Church.

DECISION & ORDER
In an action to recover damages for negligence and intentional infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Kings County (Deborah A. Kaplan, J.), dated January 4, 2022. The order granted the defendants' separate motions pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against each of them are denied.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g). He asserted causes of action alleging negligence and intentional infliction of emotional distress. The plaintiff alleged, inter alia, that a priest employed by the defendants, Diocese of Brooklyn and Our Lady Father's House/Our Lady of Victory Church, sexually abused him when he was 15 to 16 years old, while he was a resident of a youth shelter owned and operated by the defendants.
The defendants separately moved pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for intentional infliction of emotional distress insofar as asserted against each of them. In an order dated January 4, 2022, the Supreme Court granted the defendants' motions. The plaintiff appeals.
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Boyle v North Salem Cent. Sch. Dist., 208 AD3d 744; Doe v Enlarged City Sch. Dist. of Middletown, 195 AD3d 595, 596). "Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus in [*2]determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11).
"The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Klein v Metropolitan Child Servs., Inc., 100 AD3d 708, 710; see Howell v New York Post Co., 81 NY2d 115, 121). Here, treating as true the plaintiff's allegations in the second amended complaint, that the defendants had knowledge of the priest's sexual abuse of the plaintiff and other children, yet concealed the abuse and permitted it to continue, and according the plaintiff the benefit of every possible favorable inference, the alleged conduct was sufficiently outrageous in character and extreme in degree to set forth a cause of action for intentional infliction of emotional distress (see generally Pisula v Roman Catholic Archdiocese of N.Y., 201 AD3d 88, 101). The plaintiff also sufficiently alleged a causal connection between the defendants' alleged outrageous conduct and the plaintiff's injuries (see id. at 101; Laurie Marie M. v Jeffrey T.M., 159 AD2d 52, affd 77 NY2d 981). Moreover, this cause of action is not duplicative of the cause of action seeking to recover damages for negligence (see generally Petty v Law Off. of Robert P. Santoriella, P.C., 200 AD3d 621, 622; Warner v Druckier, 266 AD2d 2, 3).
Since the cause of action alleging intentional infliction of emotional distress was sufficiently pleaded, the parties will have the opportunity to engage in discovery and ultimately the plaintiff will have the burden of proving that his allegations are true.
Accordingly, we reverse the order appealed from.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court