Brown v Riverside Church in the City of N.Y. (2024 NY Slip Op 03927)

Brown v Riverside Church in the City of N.Y.

2024 NY Slip Op 03927

Decided on July 25, 2024

Appellate Division, First Department

Higgitt, J. 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: July 25, 2024
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Troy K. Webber
Jeffrey K. Oing Julio Rodriguez III John R. Higgitt Marsha D. Michael

Index No. 951169/21 Appeal No. 2194 Case No. 2023-01222 

[*1]Micah Brown, Plaintiff-Appellant,
v
The Riverside Church in the City of New York, Defendant-Respondent, American Baptist Churches USA, et al., Defendants.

Plaintiff appeals from the order of the Supreme Court, New York County (Alexander M. Tisch, J.), entered January 26, 2023, which granted the motion of defendant Riverside Church in the City of New York to dismiss plaintiff's fourth and fifth causes action for intentional infliction of emotional distress and sex abuse and battery.

The Zalkin Law Firm, PC, New York (Elizabeth A. Cate of counsel), for appellant.
Biedermann Hoenig Semprevivo, New York (Philip G. Pizzuto, Philip C. Semprevivo, Jr., Jennifer Tuz and Meishin Riccardulli of counsel), for respondent.

Higgitt, J. 

On this appeal relating to a personal injury action brought under the revival provision of the Child Victims Act (CVA), plaintiff alleges that, between 1975 and 1977, he was inappropriately touched in a sexual manner by a former coach of defendant The Riverside Church in the City of New York's youth basketball team. Plaintiff appeals from an order on a pre-answer CPLR 3211(a)(7) motion dismissing his cause of action for intentional infliction of emotional distress (IIED). The issues before us are whether plaintiff was barred from pursuing, at the pleading stage, his cause of action for IIED because plaintiff pleaded negligence causes of action based on the same core facts underpinning the claim for IIED; and, if plaintiff is not barred, whether his allegations are sufficient to satisfy the exacting standard that defendant's alleged conduct was "extreme and outrageous" under Fischer v Maloney (43 NY2d 553 [1978]) and its progeny. For the reasons that follow, we conclude that plaintiff is not barred from pursuing his claim for IIED, and, moreover, that plaintiff's allegations of defendant's conduct with respect to its coach are adequate to survive a pre-answer pleading motion.
I.
The operative facts set forth below are taken from the allegations in the complaint, and are presumed true at this juncture.
In 1975, plaintiff, then 12 years old, joined a youth basketball team of some repute founded and operated by defendant, a Manhattan church. The team was coached by its deacon, nonparty Ernest Lorch. On four occasions over two years Lorch engaged in inappropriate physical contact of a sexual nature with plaintiff.
Lorch's conduct had a common pattern: plaintiff would arrive late for a practice; later in the practice, Lorch would take plaintiff into a locker room out of sight from the rest of the team; and Lorch would then subject plaintiff to humiliating, degrading physical contact.
On the first occasion, Lorch told plaintiff to pull down his pants and Lorch spanked his bare buttocks. On the second and third occasions, Lorch told plaintiff to pull down his pants and Lorch fondled plaintiff's genitals. On the fourth occasion, Lorch told plaintiff to pull down his pants and Lorch attempted to digitally penetrate plaintiff's anus. After the final occasion, plaintiff quit the team.
II.
Availing himself of the revival provision of the CVA (see CPLR 214-g), plaintiff commenced [*2]this action against, among others, defendant, seeking damages for personal injuries, including emotional distress, stemming from Lorch's deplorable conduct.
The complaint contains five causes of action: negligent supervision, negligent hiring and retention, negligent training, IIED, and sexual battery. The crux of the negligence claims is that Lorch was an employee or agent of defendant; defendant knew or should have known that Lorch had a propensity to sexually abuse children; Lorch presented a foreseeable danger to children and should not have been permitted to work with them; defendant breached its duty to plaintiff by negligently hiring, training, and retaining Lorch; and that plaintiff suffered damages as a result of defendant's negligence.
As for his claim for IIED, plaintiff alleged that Lorch was an employee or agent of defendant; that defendant knew or should have known Lorch was a child molester; that defendant engaged in, joined in, and conspired with others in carrying out the inappropriate sexual contact with plaintiff; that defendant's conduct was extreme and outrageous; and that defendant intentionally or recklessly caused plaintiff to suffer severe emotional distress.
Defendant made a pre-answer motion under CPLR 3211(a)(7) to dismiss the claims for IIED and sexual battery;[FN1] defendant did not move against the negligence causes of action. Defendant asserted that the claim for IIED should be dismissed because plaintiff had cognizable negligence claims, and plaintiff, in any event, failed to adequately plead the IIED and sexual battery claims. Plaintiff opposed the motion, resting on the complaint as it stood.
Supreme Court granted the motion and dismissed the challenged causes of action. Addressing the IIED claim, Supreme Court determined that, "[g]iven that . . . the allegations under [p]laintiff's IIED claim are based on the same set of facts and circumstances as those under [p]laintiff's negligence claims which are moving forward, the cause of action for IIED should not be entertained."
III.
Plaintiff argues that we should reinstate the IIED claim because it is legally distinct from his negligence causes of action. Moreover, based on plaintiff's allegations, a finder of fact could determine that defendant acted with more than negligence, i.e., defendant acted with the intent to cause plaintiff severe emotional distress or did so recklessly. Plaintiff summarizes his allegations regarding the extreme and outrageous conduct supporting his IIED claim as follows: defendant permitted its employee Lorch, a known child molester, to coach its youth basketball team; defendant placed plaintiff with the coach and thereby exposed plaintiff to continuing inappropriate sexual contact; defendant knew that the inappropriate sexual contact with plaintiff would cause extreme emotional distress; and defendant, after placing plaintiff in the control of the known child molester-coach, turned a blind eye to the inappropriate sexual contact. Plaintiff [*3]points to recent Second Department decisions reinstating IIED claims in actions brought under the revival provisions of the CVA (see Kaul v Brooklyn Friends Sch., 220 AD3d 936, 939 [2d Dept 2023]; Novak v Sisters of the Heart of Mary, 210 AD3d 1104, 1106 [2d Dept 2022]; Eskridge v Diocese of Brooklyn, 210 AD3d 1056, 1058 [2d Dept 2022]).
Defendant responds that IIED is an exceptional tort of last resort that, under First Department law, cannot be pursued by a plaintiff who has alleged a cognizable traditional tort, such as negligence. Additionally, defendant asserts that the conduct alleged by plaintiff does not constitute extreme and outrageous conduct. With respect to the Second Department decisions in Eskridge and Novak, defendant observes that they are distinguishable from this action because in those matters the plaintiffs alleged, among other things, that the defendant churches had knowledge of their priests' sexual abuse of the plaintiffs (and other children) and concealed the abuse.
IV.
A.
On a CPLR 3211(a)(7) motion to dismiss for failure to state a cause of action, we give the pleading a liberal construction, accept the allegations as true, and accord the plaintiff every favorable reasonable inference (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Moore Charitable Found. v PJT Partners, Inc., 40 NY3d 150, 153 [2023]; Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141-142 [2017]). Because defendant's CPLR 3211(a)(7) motion challenges the facial sufficiency of the pleading of the IIED claim, we determine only whether the facts alleged, viewed through the lens formed by the Leon principles, state that claim (see Leon, 84 NY2d at 88; see also Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351 [2013]). "Whether a plaintiff can ultimately establish [his or her] allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
B.
"The tort of [IIED] is a relatively recent development in New York" (2A NY PJI3d 3:6 at 62-63 [2024]). First recognized as a cognizable cause of action by the Court of Appeals in 1978 in Fischer, the tort is designed to provide a remedy to an individual who suffers severe emotional distress after being subjected to extreme and outrageous conduct by another who intends to cause that distress or does so recklessly (43 NY2d at 557).
IIED has four elements: "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and [plaintiff's] injury; and (iv) severe emotional distress" (Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 56 [2016], quoting Howell v New York Post Co., 81 NY2d 115, 121 [1993]).
"Unlike other traditional torts, [IIED] does not proscribe specific conduct, but imposes liability based on after-the-fact judgments about the actor's behavior" (Howell, 81 NY2d at 122 [internal citation [*4]omitted]). To avoid exposing a defendant to broad or otherwise unfair liability under an IIED claim,[FN2] the elements of the cause of action are difficult to satisfy (id.). The first element — extreme and outrageous conduct — is the most demanding element to meet (see Chanko, 27 NY3d at 57; Howell, 81 NY2d at 122).
The element of extreme and outrageous conduct serves two purposes: filter out petty and trivial complaints that do not belong in court, and assure that a plaintiff's claim of severe emotional distress is genuine (see Howell, 81 NY2d at 121). Borrowing from the Restatement (Second) of Torts' formulation, the Court of Appeals has defined "extreme and outrageous" conduct as that which goes "beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Fischer, 43 NY2d at 557 [internal quotation marks omitted]; see Chanko, 27 NY3d at 56; Marmelstein v Kehillat New Hempstead: The Rav Aron Jofen Community Synagogue, 11 NY3d 15, 22-23 [2008]; Howell, 81 NY2d at 122; Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983]).
As noted above, IIED does not proscribe any particular conduct, and each case must be evaluated to ascertain whether extreme and outrageous conduct has been sufficiently pleaded. Professor Dobbs has, however, listed certain "markers of outrage" that inform whether a plaintiff has identified extreme and outrageous conduct, including whether a defendant: has abused a power or position of dominance; emotionally harmed a plaintiff known by the defendant to be especially vulnerable; and repeats or continues undesirable acts, especially when the plaintiff cannot avoid the acts (Dan B. Dobbs et al., Dobbs' Law of Torts § 386 at 552-553 [2d ed 2011]; see Vasarhelyi v New Sch. for Social Research, 230 AD2d 658, 661 [1st Dept 1996]; Restatement [Second] of Torts § 46, Comment e).
Supreme Court did not evaluate the sufficiency of plaintiff's allegations regarding defendant's alleged extreme and outrageous conduct. Instead, the court dismissed the IIED claim because plaintiff asserted negligence claims that were not challenged by defendant on its CPLR 3211 motion, and a line of Appellate Division decisions states that IIED should not be entertained where the conduct complained of falls within the ambit of traditional tort liability.
Supreme Court's dismissal of the IIED claim for the reason provided by the court is understandable: we have on occasion stated that no IIED claim lies when the offensive conduct is embraced by a traditional tort (see McIntyre v Manhattan Ford, Lincoln-Mercury, 256 AD2d 269, 270 [1st Dept 1998], lv denied 94 NY2d 753 [1999]; see also Bacon v Nygard, 140 AD3d 577, 578 [1st Dept 2016]; Conde v Yeshiva Univ., 16 AD3d 185, 187 [1st Dept 2005]; Herlihy v Metropolitan Museum of Art, 214 AD2d 250, 263 [1st Dept 1995]). The tort claims in those cases, however, did not involve negligence claims of the kind asserted here — namely, negligent supervision, [*5]negligent hiring and retention, and negligent training. Under these circumstances, we discern no reason or rationale, based on our precedent and for the reasons that follow, to conclude that an IIED claim cannot be asserted alongside these negligence claims.
First, the genesis of the notion that a plaintiff cannot simultaneously pursue both a "traditional" tort and an IIED claim is dictum from Fischer, the Court of Appeals decision first recognizing that IIED is a cognizable claim. After acknowledging that a claim for IIED is cognizable in New York and concluding that the offensive conduct alleged by the plaintiff (the defendant's commencement of an unfounded defamation action against the plaintiff to malign, harass and intimidate the plaintiff), the Court stated: "it may be questioned whether the doctrine of liability for intentional infliction of extreme emotional distress should be applicable where the conduct complained of falls well within the ambit of other traditional tort liability" (Fischer, 43 NY2d at 557-558 [emphasis added]). The Court does not appear to have repeated or subsequently endorsed that dictum. Rather, the Court observed in Howell that IIED is a separate tort that may overlap another (see 81 NY2d at 118, 125-126).
Second, the notion that a plaintiff cannot plead multiple causes of action premised on the same underlying facts and circumstances is inconsistent with CPLR 3014's invitation to plead in the alternative.[FN3] "A party can't predict what [discovery will unearth and] the fact finding will be and is entitled at the pleading stage to introduce into the case everything [the party has] got" (David D. Siegel & Patrick M. Connors, New York Practice § 214 at 400 [6th ed 2018]). Indeed, CPLR 3014 goes so far as to authorize a plaintiff to plead inconsistent claims (see Cohn v Lionel Corp., 21 NY2d 559, 563 [1968]). At this early stage of the action, plaintiff should not be deprived of the opportunity to pursue an alternative, cognizable claim, provided it is adequately pleaded.
Third, CPLR 3211(a)(7) permits a defendant to seek dismissal for failure to state a cause of action. The aim of the statute is to allow a court to remove from a case a cause of action that has not been sufficiently pleaded or is not cognizable under New York law (see Connaughton, 29 NY3d at 141-142),[FN4] not to prune from a complaint an otherwise well-pleaded claim. In any event, we note that plaintiff's cause of action for IIED is not "duplicative" of his negligence claims; rather, they are separate, independent causes of action.
Fourth, defendant has identified no litigation efficiency that would be achieved by dismissing the IIED claim while retaining the negligence claim. Notably, the parties will have to engage in the same or substantially similar discovery regardless of whether the IIED claim is in the case.
An IIED claim cannot be employed to subvert a rule of law otherwise barring relief. For instance, in Murphy, the Court of Appeals held that [*6]the plaintiff, whose employment had been terminated by the defendant, could not subvert the traditional at-will contract rule (and the accompanying consequence that New York does not recognize a tort for wrongful discharge), by casting his cause of action in terms of IIED (58 NY2d at 297, 303). As the Court later explained in Howell, "[i]f an employer has the right to discharge an employee, the exercise of that right cannot lead to a claim for infliction of emotional distress, however distressing the discharge may be to the employee" (81 NY2d at 125). Similarly, a defendant's conduct may be privileged under the law (e.g., absolute, qualified, and public-interest privileges associated with defamation and Civil Rights Law article 50 claims), and privileged conduct cannot serve as the basis of an IIED claim (see Howell, 81 NY2d at 118, 124-126; Restatement [Second] of Torts § 46, Comment g).
Here, by asserting a claim for IIED, plaintiff is not seeking to subvert a rule of law that would otherwise bar recovery. To the contrary, plaintiff is asserting the IIED cause of action as an alternative claim to his negligence claims.
Thus, we conclude that plaintiff is not barred from pursuing a cause of action for IIED.
We further conclude that the complaint states a cause of action for IIED. Specifically, we find that, giving the pleading a liberal construction, accepting the allegations as true, and according the plaintiff every favorable reasonable inference, plaintiff pleaded that defendant engaged in extreme and outrageous conduct.
In essence, plaintiff alleged that defendant knowingly permitted its employee, a child molester, to coach its youth basketball team, and defendant turned a blind eye to the abuse, allowing the employee to repeatedly subject plaintiff to inappropriate sexual contact. In doing so, defendant abused a position of dominance. Defendant, a trusted institution, enjoyed a position of dominance over plaintiff, a then-adolescent, who wanted to play on a prestigious youth basketball program that the church administered. Additionally, plaintiff, an adolescent coached by a church deacon, was especially vulnerable. Plaintiff's vulnerability is highlighted by the allegations that defendant's employee was permitted by defendant to be alone with plaintiff in a locker room where the sexual contact occurred. And defendant's undesirable conduct was continuing; defendant retained and supervised the coach over the two-year period of abuse.
Crediting plaintiff's allegations, as we must at this juncture, defendant facilitated manifestly inappropriate physical contact of a sexual nature by a known child molester by allowing him to coach its youth basketball team and providing the coach with ready access to potential child victims. That conduct, if in fact it occurred, goes beyond all possible bounds of decency and is atrocious and utterly intolerable in a civilized society (see Kaul, 220 AD3d at 938-939; see generally Novak v Sisters of the Heart [*7]of Mary, 210 AD3d 1104; Eskridge v Diocese of Brooklyn, 210 AD3d 1056).[FN5] We believe that an average member of the community would, upon reading the allegations in the complaint, find them to be outrageous (Restatement [Second] of Torts § 46, Comment d).
V.
In conclusion, the aspect of defendant's CPLR 3211(a)(7) motion seeking dismissal of plaintiff's claim for IIED should have been denied, and we reinstate that claim.
Accordingly, the order of the Supreme Court, New York County (Alexander M. Tisch, J.), entered January 26, 2023, which granted the motion of defendant Riverside Church in the City of New York to dismiss plaintiff's fourth and fifth causes action for intentional infliction of emotional distress and sex abuse and battery, should be modified, on the law, to deny the motion as to the claim for intentional infliction of
emotional distress, and otherwise affirmed, without costs.
Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered January 26, 2023, modified, on the law, to deny the motion as to the claim for intentional infliction of emotional distress, and otherwise affirmed, without costs.
Opinion by Higgitt, J. All concur.
Webber, J.P., Oing, Rodriguez, Higgitt, Michael, JJ.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: July 25, 2024

Footnotes

Footnote 1: Although plaintiff addressed the dismissal of his sexual battery claim in his briefs, at oral argument plaintiff's counsel essentially withdrew any challenge to that aspect of Supreme Court's order dismissing that claim.

Footnote 2: Under a claim for IIED, a defendant may be exposed to liability for conduct that is otherwise lawful, and may not have advanced notice that such conduct may result in tort liability (see Howell, 81 NY2d at 122).

Footnote 3: CPLR 3014 provides that,
"Every pleading shall consist of plain and concise statements in consecutively numbered paragraphs. Each paragraph shall contain, as far as practicable, a single allegation. Reference to and incorporation of allegations may subsequently be by number. Prior statements in a pleading shall be deemed repeated or adopted subsequently in the same pleading whenever express repetition or adoption is unnecessary for a clear presentation of the subsequent matters. Separate causes of action or defenses shall be separately stated and numbered and may be stated regardless of consistency. Causes of action or defenses may be stated alternatively or hypothetically. A copy of any writing which is attached to a pleading is a part thereof for all purposes."

Footnote 4: A defendant may submit evidence in support of a CPLR 3211(a)(7) motion attacking a well-pleaded cause of action, and dismissal may eventuate if the defendant's evidence establishes conclusively that plaintiff has no cause of action (see Basis Yield Alpha Fund [Master] v Goldman Sachs Group, Inc., 115 AD3d 128, 134-135 [1st Dept 2014]). Here, defendant is employing CPLR 3211(a)(7) for its traditional function: testing the facial sufficiency of a pleading. 

Footnote 5: In Novak and Eskridge, the Second Department highlighted that the plaintiffs' IIED claims in those actions were supported by allegations that the defendant churches "concealed" the sexual abuse. Although plaintiff here did not make an allegation of concealment by defendant, plaintiff did allege that defendant "conspired with other wrongdoers in carrying out the inappropriate sexual contact with plaintiff" (emphasis added). In any event, IIED does not proscribe specific conduct, and the ultimate inquiry in a given case is whether the plaintiff sufficiently alleged extreme and outrageous conduct by the defendant.