Doe v Clark (2025 NY Slip Op 50050(U))

[*1]

Doe v Clark

2025 NY Slip Op 50050(U)

Decided on January 21, 2025

Supreme Court, Nassau County

Kapoor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 21, 2025
Supreme Court, Nassau County

Jane 07 Doe, Plaintiff,

against
Thomas L. Clark and GOODYEAR TIRE AND RUBBER COMPANY, Defendants.

Index No. 900047/2023

Sarika Kapoor, J.

NYSCEF docs. 24-37 were read and considered in deciding these motions.
Relief Requested
The defendants move (1) pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against Goodyear Tire and Rubber Company (hereinafter Goodyear) and to dismiss the second and third causes of action insofar as asserted against the defendant Thomas L. Clark; (2) pursuant to CPLR 3211(a)(5) to dismiss claims arising out of acts that allegedly occurred before the plaintiff turned 18; and (3) to strike the plaintiff's claims for punitive damages in the third, fourth, and fifth causes of action (motion seq. 003).
The plaintiff cross-moves pursuant to CPLR 3025 for leave to amend the amended complaint (motion seq. 004).
Background
The plaintiff began working for the defendant Goodyear in March 1989, when she was 16 years old, and she resigned in 1997. According to the amended complaint, the plaintiff's supervisor, Clark, engaged in unwanted sexual acts with her during her employment. The amended complaint asserts five causes of action: (1) assault and battery against Clark; (2) intentional infliction of emotional distress against Clark; (3) violation of the New York State Human Rights Law (Executive Law § 296; hereinafter the HRL) against both defendants; (4) negligent retention, direction, training, and supervision against Goodyear; and (5) "general negligence" against Goodyear. As relevant here, the plaintiff requests punitive damages in the third through fifth causes of action.
Motion Sequences 003 and 004
The defendants move, preanswer, (1) pursuant to CPLR 3211(a)(7) to dismiss the amended complaint insofar as asserted against Goodyear and the second and third causes of action insofar as asserted against Clark; (2) pursuant to CPLR 3211(a)(5) to dismiss claims arising out of acts that allegedly occurred before the plaintiff turned 18; and (3) to strike the plaintiff's claims for punitive damages in the third, fourth, and fifth causes of action (motion seq. 003). In a memorandum of law submitted in support of the motion, counsel for the defendants first contends that the second cause of action fails to state a cause of action for intentional infliction of emotional distress because the conduct complained of falls within the ambit of traditional tort liability; specifically, assault and battery. Second, counsel contends that the third cause of action, alleging violations of the HRL, does not state a cause of action against either defendant. With respect to Goodyear, counsel contends that the amended complaint alleges no facts demonstrating that Goodyear encouraged, condoned, or approved of Clark's conduct. With respect to Clark, counsel contends, inter alia, that an individual cannot be held liable for aiding and abetting his or her own action. Regarding the fourth cause of action, which alleges negligent retention, direction, training, and supervision, and the fifth cause of action, alleging general negligence, counsel contends that these causes of action are barred by the exclusivity provisions of the Workers Compensation Law § 29(6). Counsel further asserts that the intentionality exception does not apply because the alleged acts were outside the scope of Clark's employment and there are no allegations that Goodyear instigated Clark's acts. Defense counsel further contends that all claims arising out of acts that allegedly occurred before the plaintiff turned 18 are time-barred, because the plaintiff's claims for those alleged acts accrued before February 14, 2019, and although the Child's Victim Act extended the deadline for the plaintiff to commence an action to August 14, 2021, the plaintiff commenced this action more than two years later, on November 21, 2023. Lastly, counsel contends that the claims for punitive damages in the third, fourth, and fifth causes of action must be stricken. With regard to the third cause of action, counsel contends that punitive damages are not available, because the acts giving rise to the HRL claim accrued between 1989 and 1997, before the HRL was amended in 2019 to make punitive damages available. With regard to the fourth and fifth causes of action, counsel contends that punitive damages are not available for ordinary negligence.
The plaintiff opposes the defendants' motion and cross-moves pursuant to CPLR 3025 for leave to amend the amended complaint (motion seq. 004). In a memorandum of law, counsel contends that the second cause of action in the proposed second amended complaint states a valid claim for intentional infliction of emotional distress because the alleged acts were "outrageous, and so extreme in degree, as to go beyond all bounds of decency, utterly intolerable for civilized society." With regard to the third cause of action, counsel contends that the proposed second amended complaint alleges that a supervisor, "Seymour," and other employees witnessed and ignored Clark's sexual abuse of the plaintiff, and that such abuse was ongoing, in plain sight, within ear shot, and that "Seymour" and the other employees condoned the conduct by not coming to the plaintiff's aid, and failing to report it. Counsel contends that the Appellate Divisions have held that conduct by a high-level supervisor may, without more, be sufficient to show an employer's condonation. With regard to the fourth and fifth causes of action, counsel contends that exclusivity provisions of the Workers Compensation Law do not apply because the alleged conduct was not work related. Counsel also asserts that the plaintiff's allegations [*2]indicate that Goodyear's action, through its proxy "Seymour," may have been intentional. Counsel also contends that acts alleged to have occurred prior to the plaintiff turning 18 are not time-barred because the Adult Survivor Act provides that "all claims" that the plaintiff would have had if they were properly alleged at the age of 18 are revived. With regard to punitive damages, counsel contends that they are warranted in light of the defendants' "wanton, reckless, officially tolerant and deliberately indifferent" acts in failing to address Clark's abuse of the plaintiff.
With regard to the plaintiff's cross-motion, the plaintiff seeks to add Goodyear to the second cause of action, which alleges intentional infliction of emotional distress. Counsel states that the proposed amendment alleges intentional conduct by the defendants' managers, agents, and employees by failing to report the sexual abuse by Clark that was occurring in plain sight. Counsel contends that the defendants cannot be surprised or prejudiced by the new allegations because the allegations are based upon the same facts alleged in the first amended complaint. 
In a memorandum of law in reply and in opposition to the plaintiff's motion, counsel for the defendants contends, inter alia, that the plaintiff's cross-motion should be denied. With regard to the addition of Goodyear to the second cause of action, which alleges intentional infliction of emotional distress, counsel contends that, even if Clark's actions could give rise to such a claim against him, Goodyear could not be vicariously liable because Clark's alleged acts were not committed within the scope of his employment. 
In a reply memorandum of law in further support of the plaintiff's cross-motion, counsel for the plaintiff contends, inter alia, that CPLR 208(a) and 214-j, the Child Victims Act and the Adult Survivors Act, revived all of the plaintiff's claims, including those that accrued when she was under 18 years old. Counsel further contends, in the alternative, that the statute of limitations for all sexual offenses are continuing acts, including those occurring before the plaintiff was 18 years old, and may therefore be considered timely under the "continuing violation" doctrine.
Discussion
The Court will first address the plaintiff's cross-motion pursuant to CPLR 3025(b) for leave to amend the complaint.
"A party may amend his or her pleading 'at any time by leave of court or by stipulation of all parties'" (Spina v Browning Hotel Props., LLC, 230 AD3d 613, 613 [2d Dept 2024], quoting CPLR 3025[b]). "Generally '[l]eave to amend a pleading shall be freely given absent prejudice or surprise resulting directly from the delay "unless the proposed amendment is palpably insufficient or patently devoid of merit"'" (Spina v Browning Hotel Props., LLC, 230 AD3d at 613, quoting Ruland v Leibowitz, 209 AD3d 1051, 1052 [2d Dept 2022], quoting Lucido v Mancuso, 49 AD3d 220, 222 [2d Dept 2008]). Here, the proposed amendments would not cause prejudice or surprise, nor are the proposed amendments palpably insufficient or patently devoid of merit. Under these circumstances, the plaintiff's cross-motion for leave to amend the complaint must be granted (see Spina v Browning Hotel Props., LLC, 230 AD3d at 613-614).
This Court will consider the defendants' motion to dismiss as directed against the second amended complaint (see Whelan v Cuomo, 220 AD3d 979, 980 [2d Dept 2023]).
i. Second Cause of Action
The defendants move pursuant to CPLR 3211(a)(7) to dismiss the second cause of action, alleging intentional infliction of emotional distress.
That branch of the defendants' motion which is to dismiss of the second cause of action insofar as asserted against Clark must be granted, as this cause of action, insofar as asserted against Clark, is duplicative of the first cause of action, alleging assault and battery (see Fischer v Maloney, 43 NY2d 553, 558 [1978]; Leonard v Reinhardt, 20 AD3d 510, 510 [2d Dept 2005]).With regard to the second cause of action insofar as asserted against Goodyear in the second amended complaint,[FN1]
 "[t]he elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Eskridge v Diocese of Brooklyn, 210 AD3d 1056, 1057 [2d Dept 2022] [internal quotation marks omitted]). Here, treating as true the plaintiff's allegations in the second amended complaint, Goodyear had knowledge of Clark's alleged sexual abuse of the plaintiff and permitted it to continue. According the plaintiff the benefit of every possible favorable inference, the alleged conduct was sufficiently outrageous in character and extreme in degree to set forth a cause of action for intentional infliction of emotion distress (see id. at 1058). The plaintiff also sufficiently alleged a causal connection between Goodyear's alleged outrageous conduct and the plaintiff's injuries (see id.). Additionally, this cause of action is not duplicative of the causes of action alleging negligence (see Kaul v Brooklyn Friends Sch., 220 AD3d 936, 939 [2d Dept 2023]). Under these circumstances, that branch of the defendants' motion which is pursuant to CPLR 3211(a)(7) to dismiss the second cause of action of the second amended complaint insofar as asserted against Goodyear must be denied.
ii. Third Cause of Action
The defendants move pursuant to CPLR 3211(a)(7) to dismiss the third cause of action, alleging violations of the HRL, against both defendants.
With regard to Clark, he cannot be held liable for aiding and abetting his own violation of the HRL and, therefore, that branch of the defendants' motion which is pursuant to CPLR 3211(a)(7) to dismiss the third cause of action insofar as asserted against Clark must be granted (see Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d 886, 888 [2d Dept 2010]; Goldin v Engineers Country Club, 54 AD3d 658, 660 [2d Dept 2008]).
With regard to the third cause of action insofar as asserted against Goodyear, "'[u]nder the Executive Law, "[a]n employer cannot be held liable for an employee's discriminatory act unless the employer became a party to it by encouraging, condoning, or approving it"'" (Doe v State of New York, 89 AD3d 787, 788 [2d Dept 2011], quoting Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d at 887, quoting Matter of State Div. of Human Rights v [*3]St. Elizabeth's Hosp., 66 NY2d 684, 687 [1985]). "It is only after an employer knows or should have known of the improper discriminatory conduct that it can 'undertake or fail to undertake action which may be construed as condoning the improper conduct'" (Doe v State of New York, 89 AD3d at 788, quoting Matter of Medical Express Ambulance Corp. v Kirkland, 79 AD3d at 887-888). "'An employer's calculated inaction in response to discriminatory conduct may, as readily as affirmative conduct, indicate condonation'" (Bianco v Flushing Hosp. Med. Ctr., 54 AD3d 304, 305 [2d Dept 2008], quoting Matter of State Div. of Human Rights v St. Elizabeth's Hosp., 66 NY2d at 684).
Here, construing the plaintiff's allegations in the second amended complaint as true, the plaintiff sufficiently alleged that Goodyear, though "Seymour," witnessed Clark's sexual misconduct toward the plaintiff and acquiesced in the alleged offensive behavior by failing to take any action (see generally Bianco v Flushing Hosp. Med. Ctr., 54 AD3d at 305-306). Accordingly, that branch of the defendants' motion which is to dismiss the third cause of action insofar as asserted against Goodyear must be denied.
iii. Fourth and Fifth Causes of Action
The defendants move pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, alleging negligent retention, direction, training, and supervision against Goodyear, and the fifth cause of action, alleging general negligence against Goodyear, on the ground that these causes of action are barred by the exclusivity provisions of the Workers Compensation Law. 
"The exclusivity provisions of the Workers' Compensation Law do not apply to bar an action by an employee to recover for an intentional tort committed, instigated or authorized by the employee's employer" (Randall v Tod-Nik Audiology, Inc., 270 AD2d 38, 39 [1st Dept 2000]; see Elson v Consolidated Edison Co., 226 AD2d 288 [1st Dept 1996]; Spoon v American Agriculturalist, 120 AD2d 857, 860 [3d Dept 1986]). 
On this motion pursuant to CPLR 3211(a)(7), taking the allegations of the second amended complaint as true, "there may be grounds to impute the complained of conduct" by Clark to Goodyear based on Clark's "high level position" (Randall v Tod-Nik Audiology, Inc., 270 AD2d at 39). Moreover, the plaintiff alleges in the second amended complaint that "Seymour," who was also a manager, was aware of Clark's conduct and ignored it (see id.). Under these circumstances, that branch of the defendants' motion which is pursuant to CPLR 3211(a)(7) to dismiss the fourth and fifth causes of action must be denied.
iv. Acts Alleged to have Occurred When the Plaintiff was a Child
The defendants move pursuant to CPLR 3211(a)(5) to dismiss claims arising out of acts that allegedly occurred before the plaintiff turned 18 based upon the statute of limitations. In opposition, the plaintiff argues that all claims are timely under the Child Victims Act (hereinafter the CVA) and Adult Survivors Act (hereinafter the ASA).
"The CVA, which became effective on February 14, 2019, extended the statue of limitations for certain state law claims of child sex abuse. As relevant here, the CVA revived claims for child sexual abuse that were previously time-barred, and required those 'revived claims to be brought not earlier than six months after and not later than one year and six months' after the effective date of the law" (Jones v N.Y.P.D., 2024 WL 325361, *1, 2024 US Dist [*4]LEXIS 15223, *3 [SD NY, Jan. 29, 2024, No. 23CV9515 (LTS)]). "The deadline for filing a revived claim was extended to August 14, 2021, due to the COVID-19 pandemic" (id.). 
The ASA "created a one-year revival period, starting November 24, 2022, during which survivors of sexual assault could sue their abusers despite the expiration of the previously applicable statute of limitations" (Carroll v Trump, 650 F Supp 213, 218 [SD NY 2023]). 
Here, the events alleged to have occurred while the plaintiff was a child occurred during approximately 1989 to 1991. Since those claims were already time-barred at the time the CVA was enacted in 2019, those claims could have been timely filed under the CVA's revival provision, but only if the plaintiff had commenced an action before the August 14, 2021 deadline. The plaintiff did not commence this action until more than two years later, on November 21, 2023. Additionally, the ASA does not revive the plaintiff's claims that are based upon alleged acts that occurred while the plaintiff was a child, because the ASA only applies to acts that were committed when a plaintiff was 18 years or older (see CPLR 214-j; Jones v N.Y.P.D., 2024 WL 325361 at *1, 2024 US Dist LEXIS 15223 at *3).
The plaintiff's arguments regarding the continuing violation doctrine, raised for the first time in reply, have not been considered (see generally Alvarellos v Tassinari, 222 AD3d 815, 820 [2d Dept 2023]; Kogut v Village of Chestnut Ridge, 214 AD3d 777, 780 [2d Dept 2023]; Gelaj v Gelaj, 164 AD3d 878, 879-880 [2d Dept 2018]).
Based on the foregoing, that branch of the defendants' motion which is pursuant to CPLR 3211(a)(5) to dismiss claims arising out of acts that allegedly occurred before the plaintiff turned 18 must be granted.
v. Punitive Damages in the Third, Fourth, and Fifth Causes of Action
The defendants move to strike the plaintiff's claims for punitive damages in the third, fourth, and fifth causes of action. 
That branch of the defendants' motion which is to strike the claim for punitive damages in the third cause of action must be granted, because the plaintiff's claims accrued before the HRL was amended to allow punitive damages (see Zagarino v Star Boxinc, Inc., 2022 NY Misc LEXIS 50002, *8 [Sup Ct, Westchester County 2022]; see generally Weissman v Dawn Joy Fashions, Inc., 24 F3d 224, 235 [2d Cir 2000]).
With regard to the fourth cause of action, "[p]unitive damages in actions involving negligent hiring, retention, or supervision generally require conduct evincing a high degree of moral culpability, so flagrant as to transcend simple carelessness, or which constitutes willful or wanton negligence or recklessness so as to evince a conscious disregard for the rights of others" (Pisula v Roman Catholic Archdiocese of NY, 201 AD3d 88, 102 [2d Dept 2021]). Taking the allegations of the second amended complaint as true, at this early stage in the litigation, it is premature to conclude that the allegations in the second amended complaint are insufficient to support a claim that Goodyear "acted so recklessly or wantonly in connection with the hiring, retention, and supervision" of Clark "as to warrant an award of punitive damages against it" (Spira v National Council of Young Israel., 231 AD3d 987, 989 [2d Dept 2024]). Accordingly, that branch of the defendants' motion which is to strike the plaintiff's claim for punitive damages in the fourth cause of action must be denied.
That branch of the defendants' motion which is to strike the claim for punitive damages in fifth cause of action must be granted, as "punitive damages are not available for ordinary negligence" (Rice v University of Rochester Med. Ctr., 46 AD3d 1421, 1423 [4th Dept 2007]). 
Conclusion
Based on the foregoing, it is hereby
ORDERED that the plaintiff's cross-motion pursuant to CPLR 3025 for leave to amend the amended complaint is GRANTED; and it is further,
ORDERED that the branch of the defendants' motion which is pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint insofar as asserted against Goodyear is DENIED; and it is further,
ORDERED that the branch of the defendants' motion which is pursuant to CPLR 3211(a)(7) to dismiss the second and third causes of action of the second amended complaint insofar as asserted against Clark is GRANTED; and it is further,
ORDERED that the branch of the defendants' motion which is pursuant to CPLR 3211(a)(5) to dismiss as time-barred the plaintiff's claims arising out of acts that allegedly occurred before she turned 18 is GRANTED; and it is further,
ORDERED that the branch of the defendants' motion which is to strike the plaintiff's claim for punitive damages in the third case of action is GRANTED; and it is further,
ORDERED that the branch of the defendants' motion which is to strike the plaintiff's claim for punitive damages in the fourth cause of action is DENIED; and it is further,
ORDERED that the branch of the defendants' motion which is to strike the plaintiff's claim for punitive damages in the fifth cause of action is GRANTED.
The parties' remaining contentions have been considered and do not warrant discussion.
Any request for relief not specifically granted herein is DENIED.
This shall constitute the decision and order of this Court.
Dated: January 21, 2025
Mineola, New York
E N T E R :
HON. SARIKA KAPOOR, A.J.S.C.

Footnotes

Footnote 1: Since, in opposition to the plaintiff's cross-motion, the defendants argue, in effect, that a cause of action for intentional infliction of emotional distress cannot be stated against Goodyear (NYSCEF 31-32), this Court will consider that branch of the defendants' motion which is to dismiss the complaint insofar as asserted against Goodyear as also seeking dismissal of second cause of action in the second amended complaint insofar as asserted Goodyear (see Langley v Melville Fire Dist., 213 AD3d 748, 750 [2d Dept 2023]).